RAMÓN RODRÍGUEZ LAMBERTY, Petitioner and Appellee, *v.* SECRETARY OF PUBLIC WORKS OF PUERTO RICO, Defendant and Appellant.

No. 39. Decided October 22, 1962.

246

*J. B. Fernández Badillo, Solicitor General,* and *Rodolfo Cruz Contreras, Assistant Solicitor General,* for appellant. *Práxedes Alvarez Leandri* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The sworn statement given on January 28, 1959 by police officer Alfonso C. Alvarado describes the violation of § 13 of Act No. 279 of 1946 (Sess. Laws, p. 598), as amended by Act No. 95 of June 29, 1954 (Sess. Laws, p. 992) (to operate an automobile while intoxicated), committed by petitioner-appellee as follows: "That on January 22, 1959, at 10:30 p.m., while traveling in my automobile towards the town of Salinas on my way to the ward of Lapa of that town, when I drew near kilometer 31 in a southerly-northerly direction, another vehicle was coming in the opposite direction with strong lights on, and when I dimmed my lights it swerved to the left obstructing my right of way and compelling me to run into the ditch. That when I noticed how it swerved I thought something was wrong and turned back, pursued the automobile and overtook the same in Baldorioty Street of Salinas, P.R.; and when I asked him for his driver's license I noticed that he was under the effects of intoxicating liquor, wherefore I asked him to come with me to police headquarters of Salinas, P.R., where I asked him to submit to a blood, urine, or saliva analysis and he was agreeable, but when we arrived at the municipal hospital of this town he refused to submit to any tests in the presence of Dr. Ventimilla and police officer Félix Rivera, No. 1312...

"That in view of the circumstances above described, I submitted the case to Rafael Burgos, Justice of the Peace of Santa Isabel, P.R., who charged Ramón Rodríguez Lamberty with violation of § 13 of Act No. 279, Automobile and Traffic Act ... and fixed bond at $300, which he was unable to give and was committed to the district jail of Guayama, P. R."

On February 3 Judge Rosendo Quesada Velazco transmitted to the Secretary of Public Works the foregoing statement of police officer Alfonso C. Alvarado and driver's license No. 118385 of appellee Ramón Rodríguez Lamberty, for the purpose of suspending the said license for refusal to submit to blood, urine, or saliva tests in order to determine the amount of alcohol present in the blood. However, on February 11 Judge Rosendo Quesada Velazco acquitted defendant Ramón Rodríguez Lamberty of the offense of driving while intoxicated after receiving Dr. Ventimilla's testimony to the effect that defendant had not refused in his presence to have the samples taken, and that during the time defendant was in the municipal hospital he showed no signs of being under the effects of intoxicating liquor. However, on February 12, 1959 the Secretary of Public Works wrote a letter to Rodríguez Lamberty suspending his driver's license.

A hearing having been requested by petitioner-appellee in pursuance of law, the Secretary of Public Works, after receiving proper evidence, reached the following conclusions: (1) that public-peace officer Alfonso C. Alvarado had good and sound reasons to believe that the driver was operating the vehicle under the effects of alcoholic beverages; (2) that that officer arrested driver Rodríguez Lamberty and demanded that he submit to a blood or urine test; (3) that driver Rodríguez Lamberty refused to have the samples taken. Reconsideration having been sought and denied, petitioner-appellee appealed to the Superior Court of Puerto Rico, Ponce Part, which set aside the order cancelling his driver's

license on the following grounds: (a) the Secretary's order must state specific findings of fact on the reasonable grounds for arresting the driver for driving while intoxicated, and the finding to that effect made by the Secretary is not a specific finding of fact but rather a conclusion of law; (b) in the transcript of the hearing there is no substantial evidence to support the findings of fact that the public-peace officer had good reasons to believe that Rodríguez Lamberty was driving his automobile while intoxicated; (c) that petitioner-appellee's arrest was illegal and cannot therefore have any juridical effect.

On review before this Court, the Secretary of Public Works urges reversal of the judgment of the Ponce Court alleging that: (1) the conclusion made by the Secretary is not a conclusion of law but a finding on a basic fact; (2) that assuming that the conclusion were one of law, it would have been proper to remand the case to the Secretary for the formulation of pertinent findings of fact; (3) that in reviewing the order of the Secretary of Public Works, the trial court substituted its criterion for that of the said officer notwithstanding the fact that the conclusions made by him were supported by substantial evidence, there being a rational basis for the formulation of such conclusions; (4) that the Ponce Court could not set aside the order of the Secretary of Public Works unless he had acted arbitrarily abusing his discretion or had exceeded the powers vested in him by law, and that the Secretary did not commit such fault because the evidence before him showed that the public-peace officer who carried out the arrest had reasonable grounds to believe that the driver was operating the vehicle while intoxicated or under the effects of intoxicating liquor, since he kept making zigzags, stammered when he talked, and could not hold himself straight; (5) that inasmuch as the law vests the public-peace officer with ample discretion to determine what are "reasonable grounds," the function of the respondent court in reviewing the order of the

Secretary of Public Works was to determine whether the latter had abused his discretion in concluding that the agent had not in turn abused his.

■ 1-2. The finding of the Secretary of Public Works in the sense "that public-peace officer Alfonso C. Alvarado had good and founded reasons to believe that the driver was operating the vehicle under the effects of alcoholic beverages," does not comply with our rule regarding the validity of an administrative finding laid down in *López* v. *Planning Board*, 80 P.R.R. 625, 645 (Saldaña, 1958), because it fails to set forth "a statement of facts, referring to the basic findings of fact, after settling any conflict in the evidence, as well as to the inferences of fact which in its opinion were ultimately supported by the evidence." Aside from the meager descriptive value of the facts involved, the Secretary's conclusion is a mere statement of the context of the Act in that respect. Regarding the remand of the case to the Secretary for formulation of new conclusions, the Act having been amended in order that the judge himself may determine, in passing upon the corresponding violation, the suspension of the license —Act No. 94 of June 21, 1961, 9 L.P.R.A. § 1044 (1961 Supp., p. 276)—it would be futile to pass upon such question at this time.

3-4. This review involves two questions of fact: (1) the legality of the arrest passed upon by the Ponce Court, and (2) the sufficiency of the evidence as to whether or not petitioner-appellee refused to submit to a blood analysis, the only one required of him.

Regarding the legality of the arrest, the verification made by the Ponce Court is correct. The "reasonable ground" alleged by the public-peace officer who carried out the arrest is described by him as follows: "On my way from work to my house in the ward of Cocos in Salinas I saw a car coming in the opposite direction, namely, from the ward of Cocos to Salinas, and when I dimmed the lights the car swerved to the

left lane ... *compelling me to run into the ditch.* As I drew near the place where they were, it moved to the right in the direction of Salinas. I then pursued it in my car as far as the town and overtook it at Baldorioty Street of Salinas." (Tr. Ev. 14–15.) In explaining the reason why he pursued the car, the public-peace officer gave a somewhat candid explanation: "When I dimmed the lights, it zigzagged in the direction of my car, I thought something was wrong, I thought there was a sick person in the car; that was what prompted me to pursue the car." (Tr. Ev. 17.)

The car of the person under arrest zigzagged toward the center of the road only before intersecting the automobile of the officer who pursued it afterwards, since the officer himself testified that when he "was drawing near the place where they were, it proceeded along the right." That the officer did not consider that zigzag alone as a possible violation of the Automobile Act, is shown by the reason given by him for pursuing petitioner-appellee Rodríguez Lamberty.

■■ The Ponce Court held that the short episode described by the officer who carried out the arrest was no reasonable ground or probable cause for the arrest, and we are agreed with that conclusion. We have held that after the adoption of our Constitution a public-peace officer, in a situation such as this, may arrest a citizen without a warrant of arrest issued by competent judicial authority only when he surprises him in the act of committing an *offense in fraganti.* *Pueblo* v. *Soto,* 77 P.R.R. 193, 198 (Belaval, 1954). The arrest of a person without a warrant issued by competent authority being the exception and not the general rule, unless it is made strictly within the statutory provision, it becomes illegal. *People* v. *Santiago,* 78 P.R.R. 627, 634 (Belaval, 1955).

■ The evidence on petitioner-appellee's refusal to submit to a blood analysis merely shows that Rodríguez Lamberty was willing to comply at all times. The only two wit-

nesses who had no interest in the case were Dr. Ventimilla and Vicente Santiago, the person who accompanied Rodríguez Lamberty the night of the arrest. Doctor Ventimilla, witness for The People, whose testimony was reproduced by Judge Quesada Velazco, denied that petitioner-appellee refused, during the time he was in the municipal hospital of Salinas, to submit to a blood analysis, and he testified that that night petitioner was not under the effects of intoxicating liquor. In his description of petitioner-appellee's condition during the time he was in the hospital the night of his arrest, Dr. Ventimilla testified that he was as sober as when he appeared before Judge Quesada Velazco at the trial. Defense witness Vicente Santiago testified that both he and Rodríguez Lamberty were willing to submit to the analysis. The indicia outside the common picture of passion or interest are quite eloquent. There is no question that Rodríguez Lamberty went voluntarily to the municipal hospital of Salinas to submit to the analysis; that there the police officer told him not to let any person other than a graduate nurse take the sample; that when Dr. Ventimilla arrived the person under arrest was still in the hospital; that the person under arrest was not the one who spoke with Dr. Ventimilla, but the officer who carried out the arrest; that when he returned to headquarters and informed the public-peace officer that the person under arrest had refused to submit to the blood analysis, Rodríguez Lamberty spoke with the lieutenant and with the sergeant and insisted that the blood sample be taken. The officer admitted that he saw Rodríguez Lamberty talking with the lieutenant and the sergeant, but did not hear the conversation. This gives full efficacy to Rodríguez Lamberty's assertion that he insisted that the blood sample be taken. It is strange that in describing Rodríguez Lamberty's condition the public-peace officer merely says "that he stammered and the way of standing up and that," without mentioning the most characteristic symptoms of intoxication. This being so,

we can not conclude, as sought by the Secretary of Public Works, that his conclusions are supported by the more rational and fair weighing of the evidence which he had under consideration.

5. Administrative discretion is not absolute. No court should be willing to convert the administrative discretion into magic term that would allow arbitrariness. Judgment is discreet if, in addition to being based on reasonability, it is supported by a clear notion of justice in its plain sense.

The judgment appealed from rendered by the Superior Court of Puerto Rico, Ponce Part, on November 13, 1959, will be affirmed.